Matthew R. Orr, Bar No. 211097
morr@calljensen.com
Scott R. Hatch, Bar No. 241563
shatch@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100

Attorneys for Defendant Devanlay Retail Group, Inc.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

TAMMIE DAVIS, an individual, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

DEVANLAY RETAIL GROUP, INC., a Delaware corporation; and DOES 2 through 50, inclusive,

Defendants.

Case No.

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

**28 U.S.C. § 1332(d)(2)**

Complaint Filed: April 22, 2010
Trial Date: None Set

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Devanlay Retail Group, Inc. ("Devanlay" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1453, hereby removes this action to the United States District Court for the Eastern District of California on the following grounds:

**JURISDICTION**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1453. This Court specifically has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), because it is a civil action styled as a class action in which: (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) any member of the class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. §§ 1332(d)(2) and (d)(5). Paragraphs 2 through 16 below provide a more detailed factual basis for removal. Devanlay has also satisfied all procedural requirements of 28 U.S.C. § 1446 and thereby removes this action to the United States District Court for the Eastern District of California, Sacramento Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

**INTRADISTRICT ASSIGNMENT**

2. Pursuant to Civil L.R. 120(d), this case should be assigned to the Sacramento Division of this Court because the civil action on which this removal is based arose in the County of Placer, State of California.

**STATEMENT OF THE CASE AND TIMELINESS OF REMOVAL**

3. Plaintiff Tammie Davis ("Plaintiff"), in an action filed in Placer County Superior Court styled *Tammie Davis v. Devanlay Retail Group, Inc.*, Case No. SCV 27054, seeks to certify a putative class that purports to include "[A]ll persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction." (Plaintiff's First Amended Complaint ("Complaint") ¶¶ 9 and 23)

4. While not specifically identified as part of her class definition, the class periods implicated by Plaintiff's claims range from one year under California Civil Code § 1747.08 (*see* Compl., ¶ 14; *see also TJX Companies, Inc. v. Superior Court*, 163 Cal. App. 4th 80, 84-87 (2008) (one-year statute of limitations for Section 1747.08 claim)) to two years for Plaintiff's privacy claim. *See* Cal. Civ. Proc. § 335.1 (two-year statute of limitations for privacy claim).

5. Plaintiff seeks, on behalf of herself and each purported class member, civil penalties of up to $1,000 per violation, injunctive relief, general damages, special damages, exemplary damages, punitive damages, cy pres recovery, and attorneys' fees and costs. (See Complaint, ¶ 28 and Prayer for Relief)

6. This removal notice is timely filed as required by 28 U.S.C. § 1446(b). Plaintiff filed the Complaint in this action on June 25, 2010. The Complaint was served on June 30, 2010. Devanlay was purportedly served with the Complaint on June 30, 2010; however, the citizenship of any member of the class was not alleged in the Complaint. On May 31, 2011, in response to Devanlay's Special Interrogatories, Plaintiff provided discovery responses that, for the first time, identified Plaintiff as a citizen of California. (Orr Decl., ¶ 2, Ex. "1", Plaintiff's Response to Interrogatory Nos. 3 and 4). Devanlay brings this removal motion within 30 days of discovery of Plaintiff's citizenship and, therefore, removal is timely.

## SUBJECT MATTER JURISDICTION

7. Under CAFA, a district court shall have original jurisdiction over any civil action styled as a class action in which: (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) any member of the class of plaintiffs is a citizen of a State different from any

CALL & JENSEN A PROFESSIONAL CORPORATION

defendant. 28 U.S.C. §§ 1332(d)(2) and (d)(5). Devanlay has satisfied all procedural requirements of 28 U.S.C. § 1446 and thereby removes this action to the United States District Court for the Eastern District of California, Sacramento Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 and Civil L.R. 120(d).

**Plaintiff's Case is Styled as a Class Action**

8. This lawsuit is a class action as defined by 28 U.S.C. § 1332(d)(l)(B). CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* Plaintiff styles her complaint as a "Class Action," and alleges that she brings her lawsuit on behalf of an ascertainable class. (*See* Complaint ¶¶ 9 and 23-29)

**The Proposed Class Does Not Have Less Than 100 Members**

9. Without conceding liability, appropriateness of class treatment or the validity of Plaintiff's claims for relief, the putative class in this case well exceeds 5,001 members. (*See* Declaration of Gerard Pena ("Pena Decl." ¶ 6)) Indeed, Plaintiff alleges that the purported class would encompass any consumer from whom Devanlay requested and recorded personal information in conjunction with a credit card purchase transaction in California during a two-year period. (*See* Complaint ¶¶ 9 and 23-29) Accordingly, the action satisfies the requirement of 28 U.S.C. § 1332(d)(5) that the putative class not have less than 100 persons.

**The Amount in Controversy Exceeds $5 Million**

10. CAFA provides removal jurisdiction where, among other things, the amount in controversy in a matter exceeds the sum or value of $5,000,000, exclusive of interest and costs. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Deehan v. Amerigas Partners, L.P.*, No. 08 CV 1009, 2008 WL 4104475, at *2

(S.D. Cal. Sept. 2, 2008)("The issue is the amount Plaintiff has placed in controversy, not the amount that Defendant will actually be held liable for.").

11. Here, Plaintiff seeks, on behalf of herself and each purported class member, civil penalties of up to $1,000 per violation, injunctive relief, general damages, special damages, exemplary damages, punitive damages, *cy pres* recovery, and attorneys' fees and costs. (*See* Complaint, ¶ 28 and Prayer for Relief)

12. On a daily basis, many customers in California make credit card purchases that implicate Plaintiff's claims. Indeed, without conceding liability, appropriateness of class treatment or the validity of Plaintiff's claims for relief, the number of credit card transactions engaged in by customers at Devanlay's stores during the class period implicated by the allegations of Plaintiff's Complaint was well in excess of 5,001 transactions per year. (*See* Pena Decl. ¶¶ 4-6) Therefore, without conceding liability, appropriateness of class treatment or the validity of Plaintiff's claims for relief, the amount of statutory penalties alone being alleged by Plaintiff satisfies the "in controversy" element of CAFA. *See Korn v. Polo Ralph Lauren Corp.,* 536 F.Supp. 2d 1199, 1206 (E.D. Cal. 2008) (in actions alleging violations of California Civil Code § 1747.08, "in order to demonstrate that the amount *in controversy* meets CAFA's jurisdictional requirement, defendant need only demonstrate that there are at least 5,001 putative class claims." (italics in original))

13. Plaintiff also seeks to recover injunctive relief, *cy pres* recovery, and attorneys' fees and costs. Given these requests for relief and Plaintiff's allegations, the amount in controversy exceeds $5,000,000 in the aggregate and, consequently, the amount in controversy requirement under the CAFA is satisfied. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 ("We have held that attorneys' fees were properly included in the amount in controversy in a class action."); *Yeroushalmi v.*

CALL & JENSEN
A PROFESSIONAL CORPORATION

*Blockbuster, Inc.*, 2005 WL 2083008 at *3, 5 & n.4 (C.D. Cal. July 11, 2005) (under the CAFA, amount in controversy includes defendants' potential cost of compliance with injunctive relief and fee awards).

**The Parties are Citizens of Different States**

14. At the time this lawsuit was filed and as of the date of this notice, Devanlay was and is a Delaware corporation with its principal place of business and headquarters located in New York. (*See* Declaration of Pena Decl.") ¶ 3) At the time of the filing of this action and as of the date of this Notice, Plaintiff is and was a resident of California; thus, the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied. (*See* Orr Decl, ¶ 2)

**EXCEPTIONS TO REMOVAL DO NOT APPLY AND PROCEDURAL REQUISITES ARE SATISFIED**

15. The exceptions to removal under 28 U.S.C. §§ 1332(d) and 1446 do not apply.

16. Devanlay has complied with 28 U.S.C. §§ 1446(a) and (d). Under 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, or orders on file in the state court or served on Devanlay in the state court are annexed hereto as Exhibits A through C. Pursuant to 28 U.S.C. § 1446(d), a notice of filing of removal, with a copy of this notice of removal annexed thereto, will be promptly filed with the clerk of the Superior Court of the State of California, County of Placer, Case No. SCV-27054, and Devanlay will promptly serve a notice of filing of removal, with a copy of the notice of removal annexed thereto, on Plaintiff's attorneys.

/ / /

/ / /

/ / /

## CONCLUSION

By this notice and attachments, Devanlay does not waive any objections it may have as to improper service, jurisdiction, or venue, on any other defenses or objections to this action. Devanlay intends no admission of fact, law, or liability by this notice, and reserves all defenses, motions, and pleas. Devanlay prays that this action be removed to this Court; that all further proceedings in the state court suit be stayed; and that Devanlay obtain all additional relief to which it is entitled.

Dated: June 27, 2011

CALL & JENSEN
A Professional Corporation
Matthew R. Orr
Scott R. Hatch

By: */s/ Matthew R. Orr*
Matthew R. Orr

Attorneys for Defendant Devanlay Retail Group, Inc.