# EXHIBIT A

SUM-100

**SUMMONS on First Amended Complaint**
***(CITACION JUDICIAL)***

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
PLACER COUNTY
SUPERIOR COURT OF CALIFORNIA

JUN 25 2010

EXECUTIVE OFFICER & CLERK
By J. Weaver, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
DEVANLAY RETAIL GROUP, INC., a Delaware corporation; and DOES 2 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
TAMMIE DAVIS, an individual, on behalf of herself and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* SCV 27054

Placer County Superior Court
Civil Division
10820 Justice Center Drive
Roseville, CA 95678

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gene J. Stonebarger, Esq. STONEBARGER LAW, APC
75 Iron Point Circle, Suite 145, Folsom, CA 95630
Tel: (916) 235-7140 Fax: (916) 235-7141

DATE: *(Fecha)* 6/25/10 Clerk, by *(Secretario)* J. Weaver, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Devanlay Retail Group, Inc.
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 6/30/10

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc. www.FormsWorkflow.com

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Date Served: 6/30/10
Time Served 310

Gene J. Stonebarger, State Bar No. 209461
Richard D. Lambert, State Bar No. 251148
STONEBARGER LAW
A Professional Corporation
75 Iron Point Circle, Suite 145
Folsom, CA 95630
Telephone (916) 235-7140
Facsimile (916) 235-7141

James R. Patterson, State Bar No. 211102
Alisa A. Martin, State Bar No. 224037
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991

Attorneys for Plaintiff and the Class

FILED
PLACER COUNTY
SUPERIOR COURT OF CALIFORNIA

JUN 25 2010

EXECUTIVE OFFICER & CLERK
By J. Weaver, Deputy

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF PLACER**

TAMMIE DAVIS, an individual, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

DEVANLAY RETAIL GROUP, INC., a Delaware corporation; and DOES 2 through 50, inclusive,

Defendants.

CASE NO.: SCV 27054

**CLASS ACTION**

**FIRST AMENDED COMPLAINT FOR CIVIL PENALTIES, DAMAGES, AND INJUNCTIVE RELIEF [CIVIL CODE § 1747.08; AND INVASION OF PRIVACY]**

**DEMAND FOR JURY TRIAL**

Plaintiff Tammie Davis, on behalf of herself and all others similarly situated, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff by and through her attorneys, as follows:

**I. INTRODUCTION**

1. California Civil Code section 1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant may neither (1) request personal identification information from a customer paying for goods with a credit card, and then record that personal identification information upon the credit card transaction form or otherwise; nor



STONEBARGER LAW
A Professional Corporation

(2) require as a condition to accepting the credit card as payment the cardholder to provide the customer's personal identification information which the retailer causes to be written, or otherwise records upon the credit card transaction form or otherwise.[1]

2. Defendant operates retail stores, under the name Lacoste, throughout the United States, including California. Defendant is engaging in a pattern of unlawful and deceptive business practices by utilizing an "Information Capture Policy" whereby Defendant's cashiers both request and record personal identification information, in the form of zip codes, and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments. Defendant's acts and practices as herein alleged were at all times intentional.

3. On information and belief, Defendant uses the zip codes and additional information obtained from its customers' credit cards, including names and credit card numbers (or portions thereof) to obtain its customers' residential addresses. Defendant obtains these addresses with the help of third-party vendors such as Acxiom that maintain proprietary software and databases containing hundreds of millions of individual consumers' contact information. For example, Acxiom advertises its "Shopper Registration" software on its website claiming: "All you have to do is capture the shopper's name from a check or a third-party credit card at the point of sale and ask for the shopper's zip code . . . and Address Append takes the name, combined with the collected zip code, and matches them to Acxiom's [database]. Acxiom provides a match rate report that tells you how many addresses were matched and appended."[2]

4. Defendant does not disclose its intentions to its customers, and instead relies on the common misbelief of consumers that Defendant is using the zip code information to verify cardholders' identities similar to "pay-at-the-pump" gas station transactions where a zip code is

[1] California Civil Code section 1747.08 states in relevant part:
"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:
(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.
(b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number."

[2] See www.acxiom.com/119441/fact_sheet_IB_TS_Shopper_Recognition_200707.pdf. Acxiom is but one of numerous third-party vendors that Defendant might use to obtain its customers' addresses.



STONEBARGER LAW
A Professional Corporation

required because there is no live clerk to verify identification. Defendant, however, is not using zip codes to verify cardholders' identities during credit card transactions and the credit card companies do not require zip codes to complete in-person "card present" credit card transactions.

5. Plaintiff does not seek any relief greater than or different from the relief sought for the Class of which Plaintiff is a member. If successful, this action will enforce an important right affecting the public interest and will confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

## II. JURISDICTION AND VENUE

6. Plaintiff is informed and believes that Defendant's principal place of business is in California. Defendant has accepted credit cards for the transaction of business throughout California, including the County of Placer, which has caused both obligations and liability of Defendant to arise in the County of Placer.

7. The amount in controversy exceeds the jurisdictional minimum of this Court.

## III. THE PARTIES

### A. Plaintiff

8. Plaintiff Tammie Davis (herein referred to as "Plaintiff") is a resident of California, and entered into a retail transaction with Defendant at one of Defendant's California stores located in Placer County.

9. Plaintiff brings this class action against Defendant, pursuant to California Code of Civil Procedure section 382, on behalf of herself and all persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction (herein referred to as the "Class"). Excluded from the Class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

///

///

**B. Defendant**

10. Defendant Devanlay Retail Group, Inc., (herein referred to as "Defendant"), is a Delaware corporation. Plaintiff is informed and believes that Defendant's principal place of business is in California. Defendant operates retail stores under the name Lacoste, throughout California, including stores in Placer County.

**C. Doe Defendants**

11. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as DOES 2 through 50, inclusive, and the nature of their wrongful conduct, and therefore sues these DOE Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

**D. Agency/Aiding And Abetting**

12. At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

13. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

**IV. CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW**

**A. Plaintiff's Contact with Defendant**

14. Within the last 12 months, Plaintiff went to Defendant's retail store located in Placer County, California.

STONEBARGER LAW
A Professional Corporation

15. Plaintiff entered Defendant's store and proceeded to select a product from the store that Plaintiff intended to purchase.

16. After selecting the item, Plaintiff proceeded to the cashiers' section of Defendant's store to pay for the item selected through the use of a credit card.

17. Defendant's employee saw that Plaintiff had selected products that Plaintiff wished to purchase from Defendant and, as part of Defendant's Information Capture Policy, then requested personal identification information from Plaintiff in the form of Plaintiff's zip code, without informing Plaintiff of the consequences if Plaintiff did not provide Defendant's employee with Plaintiff's zip code.

18. Plaintiff, believing that she was required to provide her zip code to complete the transaction, told Defendant's employee Plaintiff's zip code.

19. Defendant's employee then typed and recorded Plaintiff's zip code into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff.

20. Defendant's employee then proceeded to inform Plaintiff of the amounts due to Defendant for said product. Plaintiff handed Defendant's employee Plaintiff's credit card, after which said employee proceeded to swipe, enter, and/or record the credit card number into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff. At this point in the transaction, Defendant has Plaintiff's credit card number, name and zip code recorded in its databases.

21. Defendant's employee made no attempt to erase, strikeout, eliminate, or otherwise delete Plaintiff's personal identification information from the electronic cash register after Plaintiff's credit card number was recorded.

22. Defendant's employee and Plaintiff completed the transaction and Plaintiff left Defendant's store with her purchased items.

## V. PLAINTIFF'S CLASS ACTION ALLEGATIONS

23. This lawsuit is brought on behalf of an ascertainable statewide class consisting of all persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction (the "Class"). Excluded from the Class

STONEBARGER LAW
A Professional Corporation

are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

24. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

26. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

27. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

a. whether each Class member engaged in a credit card transaction with Defendant;

b. whether Defendant requested the cardholder to provide personal identification information and recorded the personal identification of the cardholder, during credit card transactions with Class members;

c. whether Defendant's conduct of requesting the cardholder to provide personal identification information during credit card transactions and recording the personal identification information of the cardholder constitutes violations of California Civil Code section 1747.08;

d. whether Plaintiff and the Class are entitled to injunctive relief; and

e. whether Plaintiff and the Class have sustained damages, and the proper measure of damages.

28. Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct and is entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

29. Plaintiff can fairly and adequately represent the interests of the Class, she has no conflicts of interest with other Class members, and has retained counsel competent and experienced in class action and civil litigation.

**FIRST CAUSE OF ACTION FOR VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747.08 [SONG-BEVERLY CREDIT CARD ACT OF 1971]**

30. Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 29 of this Complaint.

31. California Civil Code section 1747.08 prohibits any corporation, which accepts credit cards for the transaction of business, from requesting the cardholder to provide personal identification information which the corporation then records in conjunction with a credit card transaction, or utilizing a credit card transaction form containing pre-printed spaces designated for the cardholder's personal identification information.

32. Defendant is a corporation that accepts credit cards for the transaction of business.

33. On information and belief, since the beginning of the Class Period through the present, Defendant utilized, and continues to utilize, an "Information Capture Policy" whereby Defendant's cashiers both request and record personal identification information in the form of zip codes and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments.

34. On information and belief, Defendant provides the collected zip codes and other information obtained from cardholders' credit cards, including names and credit card numbers (or portions thereof) to Acxiom, Experian Marketing Services, and/or other third party vendors.

STONEBARGER LAW
A Professional Corporation

The third party vendors then match the acquired zip codes, names, and credit card number to the respective cardholders' residential addresses, and provides these addresses to Defendant. Defendant adds the now known residential address information to the previously collected customer information and credit card information, and stores it in a database that it uses for marketing.

35. It is and was Defendant's routine business practice to intentionally engage in the conduct described in this cause of action with respect to every person who, while using a credit card, purchases any product from any of Defendant's stores in the State of California.

36. Defendant did not inform customers that Defendant's purpose of collecting customers' zip codes was to use them, along with other information obtained from customers' credit cards, to obtain customers' residential addresses for marketing purposes.

37. Due to Defendant's violations as set forth herein, Plaintiff and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(c). Given the surreptitious manner in which Defendant covertly obtains customers' residential addresses, the information section 1747.08 specifically seeks to protect, Plaintiff and the Class request the Court exercise its discretion to award a substantial penalty.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## SECOND CAUSE OF ACTION FOR INVASION OF PRIVACY

38. Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 37 of this Complaint.

39. The right to privacy is protected by the California Constitution, Article I, Section 1.

40. At all times herein mentioned and up to an including the present, Plaintiff has a legally protected interest in her ability to control the dissemination of her personal and private information, including the right to privacy in her home address information.

///

STONEBARGER LAW
A Professional Corporation

41. At all times herein mentioned and up to an including the present, Plaintiff had a reasonable expectation of privacy in her personal and private information including, but not limited to, her home address information.

42. During credit card transactions entered into at Defendant's stores on each and every day during the two-year period preceding the filing of the Complaint in this action through the present, Defendant invaded Plaintiff's and the Class members' constitutionally guaranteed right to privacy by wrongfully requesting and recording their personal identification information, and subsequently engaging in a "reverse search" to covertly determine Plaintiff's and Class members' home address information. Defendant accomplished this with the help of third-party vendors such as Acxiom and credit reporting agencies with access to proprietary non-public databases containing customers' residential and billing addresses.

43. The conduct of Defendant, in conducting these "reverse searches" to determine Plaintiff's and the Class members' home addresses information as described herein, constituted a serious invasion of Plaintiff's right to privacy and an egregious breach of social norms. Defendant did not disclose its intended use of the zip codes to obtain customers' home addresses, which many consumers do not even know is possible. Instead, Defendant relied on the common misbelief of consumers that Defendant would use the zip codes to verify cardholders' identities, and that this information was required to complete the credit card transactions. In reality, this information is not required or allowed to complete an in-person "card present" credit card transaction.

44. As a proximate result of Defendant's above acts, Plaintiff's and Class members' addresses were viewed, printed, distributed, and used by Defendant for its own profit, in violation of their constitutionally guaranteed right to privacy causing Plaintiff and the Class to be generally damaged in an amount according to proof.

45. The acts of Defendant, were willful, wanton, malicious and oppressive, and justify an award of exemplary and punitive damages.

46. Unless and until enjoined, and restrained by order of this Court, Defendant's wrongful conduct will continue to cause Plaintiff, members of the Class, and members of the

STONEBARGER LAW
A Professional Corporation

public great and irreparable injury in that the personal identification information maintained by Defendant can be viewed, printed, distributed, and sold by Defendant. Plaintiff and members of the Class have no adequate remedy at law for the injuries in that a judgment for the monetary damages will not end the invasion of privacy for Plaintiff, the Class, and the public.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

**PRAYER FOR RELIEF**

PLAINTIFF AND THE CLASS PRAY for judgment against Defendant as follows:

**As to the First Cause of Action**

1. For an award to Plaintiff and to each member of the Class the civil penalty to which he or she is entitled under California Civil Code section 1747.08(e);

**As to the Second Cause of Action**

2. That the Court preliminarily and permanently enjoin Defendant from utilizing an "Information Capture Policy" whereby Defendant's cashiers both request and record personal identification information and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments;

3. For general damages according to proof;

4. For special damages according to proof;

5. For exemplary or punitive damages;

**As to All Causes of Action**

6. That the Court certifies this action as a class action;

7. For distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant from retaining the benefits of its wrongful conduct;

8. For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

9. For costs of the suit;

///

10. For prejudgment interest at the legal rate;

11. And for such other relief as the Court may deem proper.

Dated: June 24, 2010

STONEBARGER LAW, APC
HARRISON PATTERSON & O'CONNOR LLP

By: ________________________
Gene J. Stonebarger
Richard D. Lambert
Attorneys for Plaintiff and the Class

STONEBARGER LAW
A Professional Corporation

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Gene J. Stonebarger (SBN: 209461)
STONEBARGER LAW, APC
75 Iron Point Circle, Suite 145
Folsom, CA 95630
TELEPHONE NO.: (916) 235-7140 FAX NO.: (916)-235-7141
ATTORNEY FOR (Name): Plaintiff TAMMIE DAVIS

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
PLACER COUNTY
APR 22 2010
EXECUTIVE OFFICER & CLERK
By M. Anderson, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER
STREET ADDRESS: 10820 Justice Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Roseville, CA 95678
BRANCH NAME:

CASE NAME: TAMMIE DAVIS, et. al. v. LACOSTE, INC, et al.

# CIVIL CASE COVER SHEET

☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less)

Complex Case Designation
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 1811)

CASE NUMBER: SCV 27054
JUDGE:
DEPT:

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☒ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify)*: 4
5. This case ☒ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 21, 2010
Gene J. Stonebarger
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

CIVIL CASE COVER SHEET

American Legal Net, Inc. www.USCourtForms.com
Cal. Rules of Court, rules 201.8, 1800-1812; Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

CASE NO. **S CV 27054**

## A CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED:

DATE: **August 17, 2010**
TIME: **10:00 A.M. If your case number starts with "S-CV"**
**11:00 A.M. If your case number starts with "M-CV"**
DEPT: **40 - 10820 Justice Center Drive, Roseville, California**

## IF YOU DO NOT HAVE AN ATTORNEY, READ THIS:

The judge does <u>not</u> decide whether you win or lose your case at this court date. If you do not file an "Answer," or other "responsive pleading," you will automatically lose this case, usually before this court date. The Answer or responsive pleading must be given to the court clerk within 30 days of the day you received the Summons, along with a filing fee or application for waiver of court fees.

You can get free help filling out your Answer or responsive pleading at the court's Legal Help Center. Call 916-408-6446 or go to the court's website at www.placercourts.org and select "Legal Help Center/Self Help" for information about the Legal Help Center.

## INFORMATION ABOUT CASE MANAGEMENT CONFERENCES:

Fifteen calendar days before the Case Management Conference, you must file and serve a completed Case Management Statement (CM-110).

You do not need to come to court for the first Case Management Conference. You can see the court's proposed orders 12 calendar days before the Case Management Conference on the court's website, www.placercourts.org. Select "Tentative Rulings and Calendar Notes", then "Civil CMC." If you do not have Internet access, call the court at 916-408-6000 to get the information.

At the First Case Management Conference, the court will make orders which may include: redesignating the class currently assigned; exempting the case from dispositional time goals; referring the case to arbitration; transferring the case to Limited Jurisdiction; assigning the case to a particular judge for all purposes; assigning a trial date; assigning the case as a short cause trial matter; identifying the case as one which may be protracted; identifying the case as one which may be amenable to early settlement; establishing a discovery cut-off; scheduling the exchange of expert witness information; scheduling a mandatory settlement conference; scheduling a final case management conference; or, other orders to achieve the interests of justice and timely disposition of the case.

**The court does not provide a court reporter** at Case Management Conferences or Law & Motion hearings. If you want the proceedings reported, you must provide your own court reporter at your own expense.

IF YOU WANT TO APPEAR BY TELEPHONE, YOU MUST CONTACT COURT CALL TOLL FREE, AT 888-882-6878, AT LEAST TWO (2) COURT DAYS PRIOR TO THE APPEARANCE TO ARRANGE FOR THIS. YOU MUST PAY COURT CALL TO USE THIS SERVICE UNLESS YOU HAVE BEEN GRANTED A FEE WAIVER BY THE COURT.




CORPORATION SERVICE COMPANY'

null / ALL
Transmittal Number: 7785098
Date Processed: 06/30/2010

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Michael G Yamin Esq.<br>Kaufmann, Gildin, Robbins & Oppenheim LLP<br>777 Third Avenue<br>Floor 24th<br>New York, NY 10017 |
| **Entity:** | Devanlay Retail Group, Inc.<br>Entity ID Number 1717933 |
| **Entity Served:** | Devanlay Retail Group, Inc. |
| **Title of Action:** | Tammie Davis vs. Devanlay Retail Group, Inc. |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Other |
| **Court:** | Placer County Superior Court, California |
| **Case Number:** | SCV 27054 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 06/30/2010 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Gene J. Stonebarger<br>916-235-7140 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

# EXHIBIT B

CALL & JENSEN
A Professional Corporation
Matthew R. Orr, Bar No. 211097
Michael S. Orr, Bar No. 196844
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100

Attorneys for Defendant Devanlay Retail Group, Inc.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER
JUL 30 2010
EXECUTIVE OFFICER & CLERK
BY T. Lewis, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF PLACER**

TAMMIE DAVIS, an individual, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

DEVANLAY RETAIL GROUP, INC., a Delaware corporation; and DOES 2 through 50, inclusive,

Defendants.

Case No. SCV 27054

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Complaint Filed: April 22, 2010
Trial Date: None Set

BY FAX

Defendant Devanlay Retail Group, Inc. ("Defendant"), answering for itself alone and no others, in response to Plaintiff Tammie Davis' ("Plaintiff") First Amended Class Action Complaint for Violation of Consumer Privacy (Civil Code § 1747.08) ("Complaint"), hereby answers the allegations of the Complaint as follows:

**GENERAL DENIAL**

1. Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, conjunctively and disjunctively, each and every allegation of the Complaint, and each and every cause of action contained and asserted therein. Defendant further



CALL & JENSEN
A PROFESSIONAL CORPORATION

denies that it is or will be liable to Plaintiff in any sum whatsoever. Defendant further denies, generally and specifically, that Plaintiff has suffered damages in the amount alleged, or in any sum, or that Plaintiff is entitled to any relief at all, by reason of any wrongful act or omission or purported act or omission of Defendant.

2. By alleging the defenses below, Defendant is not in any way agreeing or conceding that it has the burden of proof or persuasion on any of these issues.

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to State a Claim)**

3. The Complaint filed herein, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

**(Statute of Limitations)**

4. The Complaint filed herein, and each alleged claim therein, fails to state facts sufficient to constitute a claim for relief because they are barred by the applicable statutes of limitation.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

**(Laches)**

5. Plaintiff, by delaying prosecution of this action until the present time, is barred, in whole or in part, by the doctrine of laches from maintaining each and every purported claim for relief alleged in the Complaint or from recovering any damages thereunder from Defendant.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

**(No Injury to Plaintiff)**

6. The Complaint, and each cause of action contained therein, is barred because Plaintiff has not been injured at all as a result of the alleged conduct by Defendant.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Acts or Omissions of Plaintiff)**

7. The alleged claims in the Complaint are barred to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

**(Attorneys' Fees)**

8. Defendant alleges that the Complaint and each cause of action set forth therein are barred because they are unreasonable and/or filed in bad faith and/or are frivolous in nature. For these reasons, an award of attorneys' fees and costs is justified against Plaintiff pursuant to California law, including, but not limited to, California Code of Civil Procedure Sections 128.5 and/or 128.7.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Estoppel)**

9. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of estoppel.

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

**(Offset)**

10. As a separate and additional defense to the Complaint and each purported cause of action contained therein, Defendant alleges that it is entitled to offset any damages suffered by Plaintiff against sums owed by Plaintiff to Defendant as a result of the torts and other wrongful conduct by Plaintiff.

///

///

///

///

///

**NINTH SEPARATE AND ADDITIONAL DEFENSE**

**(Unclean Hands)**

11. Defendant asserts that Plaintiff has acted with "unclean hands," and such actions are directly related to his claim for relief. Therefore, Plaintiff is barred from seeking relief by the doctrine of unclean hands.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Plaintiff May Not Maintain This Lawsuit as a Class Action)**

12. Plaintiff may not maintain this lawsuit as a class action because the requirements of Code of Civil Procedure Section 382 and the Federal Rules are not met.

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Business Justification)**

13. As a separate and additional defense to the Complaint and to each cause of action against Defendant asserted herein, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good-faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose, business necessity, business justification and/or economic justification or judgment. Further, Defendant acted in good faith in the honest belief that the acts, conduct, and communications, if any, by Defendant was justified under the circumstances based on information reasonably available to Defendant.

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Bona Fide Error)**

14. To the extent there was any violation at all, the violation was not intentional and resulted from a bona fide error made notwithstanding Defendant's maintenance of procedures reasonably adopted to avoid such an error.

**THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Lack of Standing)**

15. Defendant is informed and believes, and thereon alleges, that Plaintiff lacks standing to assert her cause of action in the Complaint.

**FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Special Purpose Exemption)**

16. Defendant's conduct satisfies the special purpose exemption to Civil Code § 1747.08, in that, if Defendant required it at all, customer personal identification information was required for a special purpose incidental but related to the individual credit card transaction.

**FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Safe Harbor)**

17. Defendant's conduct satisfies the safe harbor provision to Civil Code § 1747.08, in that, if Defendant required it at all, customer personal identification information was required because the credit card was being used as a deposit to secure payment in the event of default, loss, damage, or other similar occurrence.

**SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Statutory Damages Violate Due Process)**

18. The statutory damages Plaintiff seeks would be disproportionate to the harm alleged, and would violate Defendant's rights under the due process clauses of California and the United States.

**SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Vague Statute Violates Due Process)**

19. The statute upon which Plaintiff alleges his Complaint is unconstitutionally vague and ambiguous on its face and as applied to Defendant, does not provide sufficient notice as to what

constitutes a violation, and enforcement of the statute would violate Defendant's rights under the due process clauses of California and the United States.

**EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Additional Defenses)**

20. Defendant reserves the right to allege additional defenses as they become known during discovery and to amend its Answer accordingly.

**WHEREFORE,** Defendant prays judgment as follows:

1. That Plaintiff take nothing by way of this Complaint;
2. That Judgment be rendered in favor of Defendant and against Plaintiff and that the Complaint be dismissed with prejudice;
3. That Defendant be awarded costs of suit incurred in the defense of this action;
4. That Defendant be awarded attorneys' fees of suit incurred in the defense of this action; and
5. For such other relief as this Court deems proper.

Dated: July 29, 2010

CALL & JENSEN
A Professional Corporation
Matthew R. Orr
Michael S. Orr

By: Matt Orr
Matthew R. Orr

Attorneys for Defendant Devanlay Retail Group, Inc.

CALL & JENSEN
A PROFESSIONAL CORPORATION

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On July 29, 2010, I served the foregoing document described as **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

[X] (BY MAIL) I am familiar with the practice of Call & Jensen for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call & Jensen, Newport Beach, California, following ordinary business practices.

[ ] (BY FEDEX) I am familiar with the practice of Call & Jensen for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx at Call & Jensen, Newport Beach, California, following ordinary business practices.

[ ] (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[ ] (BY ELECTRONIC TRANSMISSION) I served electronically from the electronic notification address of ______________ the document described above and a copy of this declaration to the person and at the electronic notification address set forth herein. The electronic transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 29, 2010, at Newport Beach, California.

Janelle Mulford

CALL & JENSEN
A PROFESSIONAL CORPORATION

**SERVICE LIST**

| | |
|---|---|
| Gene J. Stonebarger, Esq.<br>Richard D. Lambert, Esq.<br>Stonebarker Law, APC<br>75 Iron Point Circle, Suite 145<br>Folsom, CA 95630<br>Tel: (916) 235-7140<br>Fax: (916) 235-7141 | **Attorneys for**<br><br>**Plaintiff Tammie Davis, individually and on behalf of all others similarly situated** |
| James R. Patterson, Esq.<br>Alisa A. Martin, Esq.<br>Harrison Patterson & O'Connor LLP<br>402 West Broadway, 29th Floor<br>San Diego, CA 92101<br>Tel: (619) 756-6990<br>Fax: (619) 756-6991 | **Attorneys for**<br><br>**Plaintiff Tammie Davis, individually and on behalf of all others similarly situated** |

CALL & JENSEN
A PROFESSIONAL CORPORATION

# EXHIBIT C

RECEIVED

SEP 03 2010

CALL & JENSEN

CALL & JENSEN
A Professional Corporation
Matthew R. Orr, Bar No. 211097
Michael S. Orr, Bar No. 196844
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100

Attorneys for Defendant Devanlay Retail Group, Inc.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

AUG 11 2010

EXECUTIVE OFFICER & CLERK
By K. Hoofman, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF PLACER**

TAMMIE DAVIS, an individual, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

DEVANLAY RETAIL GROUP, INC., a Delaware corporation; and DOES 2 through 50, inclusive,

Defendants.

Case No. SCV 27054

**STIPULATION TO STAY MATTER PENDING SUPREME COURT OPINION AND [PROPOSED] ORDER THEREON**

Complaint Filed: April 22, 2010
Trial Date: None Set

BY FAX

Whereas, Plaintiff in the above-captioned matter (the "Action") alleges that Defendant requests and records customer zip codes in connection with credit card transactions in its California store locations; and

Whereas, whether the use of a zip code obtained by a retailer to obtain additional personal identification information regarding credit card holders violates California Civil Code § 1747.08 is currently being reviewed by the California Supreme Court. *See Pineda v. Williams-Sonoma*, Supreme Court Case No. S178241 (the "Pineda Appeal"); and

Whereas, the Pineda Appeal will also determine with finality whether a zip code constitutes "personal identification information" within the meaning of California Civil Code § 1747.08; and

Whereas, the Pineda Appeal is expected to be ruled upon no later than February of 2011; and

Whereas, the outcome of the Pineda Appeal will likely result in the expeditious resolution of the Action; and

Whereas, the Parties to the Action desire to avoid the unnecessary burden and expense to the Parties and this Court by actively litigating a matter that will likely be resolved by and through the Pineda Appeal; and

Whereas the Parties and Court would benefit from a stay of the Action pending ruling on the Pineda Appeal.

Wherefore, the Parties hereby request that this Court stay the Action in its entirety until the Pineda Appeal is ruled upon; and

CALL & JENSEN
A PROFESSIONAL CORPORATION

Wherefore, the Parties further request that this Court schedule a Status Conference for February 1, 2011 or the next available date that is convenient for this Court to review the status of the Action and Pineda Appeal.

Dated: August 3, 2010

CALL & JENSEN
A Professional Corporation
Matthew R. Orr
Michael S. Orr

By: Matt Orr
Matthew R. Orr

Attorneys for Defendant Devanlay Retail Group, Inc.

Dated: August 3, 2010

STONEBARGER LAW
Gene J. Stonebarger
Richard D. Lambert

By: ______________________
Gene J. Stonebarger

Attorneys for Plaintiff and the Class

**ORDER**

GOOD CAUSE APPEARING, IT IS ORDERED THAT:

The foregoing stipulation is approved and it is hereby ordered that this matter is stayed pending a ruling in the matter of *Pineda v. Williams-Sonoma*, Supreme Court Case No. S178241.

Dated: AUG 1 1 2010

Margaret Walls
Judge of the Superior Court



CALL & JENSEN
A PROFESSIONAL CORPORATION

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On August 3, 2010, I served the foregoing document described as **STIPULATION TO STAY MATTER PENDING SUPREME COURT OPINION AND [PROPOSED] ORDER THEREON** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

[ X ] (BY MAIL) I am familiar with the practice of Call & Jensen for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call & Jensen, Newport Beach, California, following ordinary business practices.

[ ] (BY FEDEX) I am familiar with the practice of Call & Jensen for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx at Call & Jensen, Newport Beach, California, following ordinary business practices.

[ ] (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[ ] (BY ELECTRONIC TRANSMISSION) I served electronically from the electronic notification address of ______________ the document described above and a copy of this declaration to the person and at the electronic notification address set forth herein. The electronic transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on August 3, 2010, at Newport Beach, California.

Denise Reigel

CALL & JENSEN
A PROFESSIONAL CORPORATION

**SERVICE LIST**

| | |
|---|---|
| Gene J. Stonebarger, Esq.<br>Richard D. Lambert, Esq.<br>Stonebarker Law, APC<br>75 Iron Point Circle, Suite 145<br>Folsom, CA 95630<br>Tel: (916) 235-7140<br>Fax: (916) 235-7141 | **Attorneys for**<br><br>**Plaintiff Tammie Davis, individually and on behalf of all others similarly situated** |
| James R. Patterson, Esq.<br>Alisa A. Martin, Esq.<br>Harrison Patterson & O'Connor LLP<br>402 West Broadway, 29th Floor<br>San Diego, CA 92101<br>Tel: (619) 756-6990<br>Fax: (619) 756-6991 | **Attorneys for**<br><br>**Plaintiff Tammie Davis, individually and on behalf of all others similarly situated** |