IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMMIE DAVIS, individually and on
behalf of others similarly situated,

      Plaintiff,                  Case No. 2:11-cv-1719-KJM-CKD

    vs.

DEVANLAY RETAIL GROUP, INC.,

      Defendant.               <u>ORDER</u>

/

       In this action, plaintiff seeks to form a class to challenge defendant's policy of requesting certain information from customers who make in-store purchases with credit cards. Plaintiff's motion for class certification and defendant's motion for summary judgment are pending before the court. Defendant seeks to strike plaintiff's motion as being untimely filed. As set forth below, the court denies defendant's request.

       In connection with the pending motions, both parties have filed redacted documents and corresponding requests to file under seal unredacted versions of the same documents.  As also discussed below, the court denies the requests to seal and strikes the redacted documents filed by the parties for failure to comply with the local rules governing sealing and redaction and this court's standing order referencing the local rules. (ECF 4-1 ¶ 10.)

/////

I.     Motion to Strike

       Defendant has moved to strike plaintiff's motion for class certification as being untimely filed without good cause. (ECF 24.) Local Rule 230 provides that motions must be "set for hearing on the motion of the calender of the Judge or Magistrate Judge to whom the action has been assigned or before whom the motion is to be heard not less than twenty-eight days after service and filing of the motion." E.D. CAL. LOCAL RULE 230(b). Federal Rule of Civil Procedure ("Rule") 6(d) provides that where service is achieved electronically, "when a party may or must act within a specified time after service [], 3 days are added after the period would otherwise expire under Rule 6(a)." *See* FED. R. CIV. P. 6(d). Here, service was completed electronically. Plaintiff has complied with the local rule by filing and serving her motion twenty-eight days prior to the hearing. *See* FED. R. CIV. P. 5(b)(2)(E) & (d)(3). The filing and service dates are calculated by reference to the operative hearing date, not the date a document is served. *See generally* E.D. CAL. LOCAL RULE 230. As such, Rule 6(d) is inapplicable. Defendant's motion to strike is denied.

II.    Requests to Seal

       Each party has filed redacted papers without a prior order of this court. Local Rule 140(b) prohibits redactions that are not mandated by 140(a), unless a prior court order has been obtained. Here, the parties have stipulated to a protective order that the court signed. (ECF 17.) However, that protective order merely provides that the parties will seek sealing for protected material. (*Id*. at 13.) More importantly, the parties' negotiated protective order does not bind the court in determining whether material should be sealed. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006) (noting the parties cannot rely on a protective order as the sole justification for sealing).

       There is a presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana*, 447 F.3d at 1178. "[I]f the court decides to seal certain judicial

1  records [after conscientiously balancing the competing interests of the public and the party who
2  seeks to keep certain judicial records secret], it must 'base its decision on a compelling reason
3  and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. at
4  1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "In general,
5  'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing
6  court records exist when such 'court files might become a vehicle for improper purposes,' such
7  as the use of records to gratify private spite, promote public scandal, circulate libelous
8  statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Communs., Inc*., 435 U.S. 589,
9  589 (1978)). By contrast, "'good cause' suffices to warrant preserving the secrecy of sealed
10 discovery material attached to nondispositive motions." *Foltz v. State Farm Mut. Auto. Ins. Co.*,
11 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Phillips*, 307 F.3d at 1213). Nevertheless, where, as
12 with the pending motion for class certification, the motion is one that will affect whether or not
13 the litigation proceeds, the motion is considered dispositive and subject to the compelling
14 reasons standard. *See In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation*, Nos.
15 11–55369, 11–55372, 2012 WL 3024192, at *3 (9th Cir. July 25, 2012).

16         Therefore, here, all materials at issue have been submitted with dispositive
17 motions. (*See* ECF 20, 20-3, 20-4, 20-5, 20-6, 22, 22-1, 22-2, 22-3, 22-4, 22-5, 22-6, 22-7, 22-8,
18 26, 26-1, 26-2, 26-3, 26-4, 26-5, 26-6, 26-7, 28, 28-2, 28-5, 28-6, 28-7, 28-8, 28-9.)  Defendant
19 specifically seeks to seal its Client Capture Policy, a portion of its training manual addressing
20 Point of Sale information requests, a New Hire Orientation checklist, and a Weekly
21 Communication Report that addresses client capture cards. (ECF 20-3, 20-4, 20-5, 20-6.)  In
22 addition to these materials, plaintiff seeks to seal the transcript of Jennifer Jackson's deposition
23 testimony, and the specific printout of plaintiff's information.  (ECF 22-3, 22-7, 22-8.) The party
24 seeking to seal or redact these documents must provide a compelling reason to seal the materials
25 at issue. *See Kamakana*, 447 F.3d at 1180 (sealing); *id*. at 1183-84 (applying the compelling
26 /////

1  reason standard for redactions sought in connection with a dispositive motion and noting that the
2  reasons for the redactions lacked sufficient specificity).[1]
3     Defendant's counsel argues that all of the materials covered by its request reveal
4  its policy and practice regarding its customer retention program and its acquisition of customer
5  information:

> [T]he documents designated as confidential by Defendant contain
> Defendant's confidential and proprietary company information
> with regard to Defendant's policies for requesting and recording
> customer information, which documents are also used for training
> Defendant's employees. These documents also contain proprietary
> information regarding the methods Defendant uses for training its
> employees. Many of Defendant's competitors have similar
> customer loyalty programs and train their customers on those
> programs. It would harm Defendant's competitive position in the
> marketplace if these competitors were able to see what is
> entailed in Defendant's program and how Defendant trains its
> employees because those competitors could then adopt
> Defendant's proprietary methods to Defendant's detriment.

13  (ECF 21, Request to Seal, filed with the court on June 5, 2012 (seeking to file under seal
14  unredacted version of redacted motion for summary judgment filed same day)).[2]  Defendant's
15  conclusory statements, unsupported by any evidence, do not satisfy the compelling reasons
16  standard as required to seal the documents covered by defendant's request.  Therefore, each
17  party's request to seal (ECF 21, 27, 29) is denied. The filed motions, oppositions and reply briefs
18  are ordered stricken for failure to comply with the local rules.  The parties shall either file
19  unredacted versions of the same documents previously filed, or file new versions of those
20  documents so as to withdraw reliance on redactions and sealed information.
21     For the parties' future reference, no document will be sealed, nor shall a redacted
22  document be filed, without the prior approval of the court.  All requests to seal or redact are

---

[1] In her requests to seal, plaintiff notes that she cannot articulate a good reason for sealing defendant's proprietary information and therefore, for all intents and purposes, it is defendant who is seeking sealing of the materials at issue here.

[2] Because neither request to seal contains any information eligible for sealing or redaction, the requests will be filed on the public docket.

4

governed by Local Rules 141 (sealing) and 140 (redaction); protective orders designed to protect the exchange of documents during discovery do not predetermine the filing of sealed or redacted documents on the public docket.  The court will only consider requests to seal or redact filed by the proponent of sealing or redaction.  If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

        Hearing on the parties' motions is confirmed as reset for September 14, 2012. Plaintiff and defendant shall refile unredacted motions and supported documents compliant with this court's order within the time frame set by Local Rule 230.

        The Clerk of the Court is directed to file the parties' requests to seal on the docket.

        IT IS SO ORDERED.

DATED: August 3, 2012.

_____
UNITED STATES DISTRICT JUDGE